Robert S. Reder (024117)
BLYTHE GRACE PLLC
3260 North Hayden Road, Suite 103
Scottsdale, Arizona 85251
Telephone: (480) 663-8838
Facsimile: (480) 429-3679
Email: robert@blythegrace.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Robert McCoy, an individual,<br><br>           Plaintiff,<br><br>v.<br><br>Petwin Hayden, LLC, an Arizona limited liability company,<br><br>           Defendant. | No. 2:16-cv-02795-JAT<br><br>**Amended Complaint** |

Plaintiff Robert McCoy ("McCoy") brings an action for injunctive relief, compensatory damages, and attorneys' fees and costs pursuant to: **(1)** Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* and its implementing regulations (collectively, the "ADA"), and **(2)** the Arizonans with Disabilities Act, A.R.S. Title 41, Chapter 9, Article 8, §§41-1492 *et seq.* and its implementing regulations, R10-3-401 *et seq.* (collectively, the "AzDA"), against Defendant Petwin Hayden, LLC ("Petwin"), and in support of this action alleges as follows:

### Nature of the Action

1.    McCoy is a disabled United States veteran that resides in Maricopa County, Arizona.

2.    McCoy visited Petwin's property located at 3260 North Hayden Road, Scottsdale, Arizona 85251, and was denied full access to the property.

3.      Petwin violated the ADA and the AzDA by failing to design, construct, and/or own or operate a public accommodation that is fully accessible to, and independently usable by, disabled people such as McCoy.

4.      McCoy therefore seeks a declaration that Petwin's public accommodation violates federal and Arizona laws and an injunction requiring Petwin to install means of access in compliance with ADA and AzDA requirements so that its facility is fully accessible to, and independently usable by, disabled individuals.

5.      McCoy further requests that, given Petwin's historical failure to comply with the ADA's and AzDA's mandates, the Court retain jurisdiction over this matter for a period of time to be determined to ensure that Petwin comes into compliance with the ADA and the AzDA, and to ensure that Petwin has adopted and is following an institutional policy that will, in fact, cause Petwin to remain in compliance with the law.

## Parties

6.      McCoy is a resident of Arizona and a disabled individual with the meaning of the ADA and the AzDA.

7.      Petwin is an Arizona limited liability company.

8.      Petwin owns and/or operates an office complex located at 3260 North Hayden Road, Scottsdale, Arizona 85251, which is a place of public accommodation under the ADA and the AzDA.

## Jurisdiction and Venue

9.      Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331 and 42 U.S.C. § 12188.

10.      McCoy's claims in this Complaint arose in this judicial district and Petwin owns real property and does substantial business in this judicial district.

11.      Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

BLYTHE GRACE PLLC
3260 North Hayden Road | Suite 103
Scottsdale, Arizona 85251

2

**The ADA and its Implementing Regulations**

12.    The ADA is a comprehensive civil rights law prohibiting discrimination on the basis of disability.

13.    The ADA broadly protects the rights of individuals with disabilities in employment, access to state and local government services, places of public accommodation, transportation, and other important areas of American life.

14.    Title III of the ADA prohibits discrimination in the activities of places of public accommodation and requires places of public accommodation to comply with ADA standards and to be readily accessible, and independently usable by, individuals with disabilities. *See* 42 U.S.C. §§ 12181-89.

15.    Title III states, *inter alia*, that "[i]t shall be discriminatory to afford an individual or class of individuals, on the basis of a disability . . . with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."   42 U.S.C. § 12182(b)(1)(A)(ii).   In addition, § 12182(b)(1)(A)(iii) and § 12182(b)(1)(B)] are intended to prohibit exclusion and segregation of individuals with disabilities and the denial of equal opportunities enjoyed by others. *See* 28 C.F.R. pt. 36, app. C (2011).

16.    On July 26, 1991, the Department of Justice (the "DOJ") issued rules implementing Title III of the ADA, which are codified at 28 CFR Part 36.

17.    Appendix A of the 1991 Title III regulations (republished as Appendix D to 28 CFR part 36) contains the ADA standards for Accessible Design (the "1991 Standards"), which were based upon the Americans with Disabilities Act Accessibility Guidelines (the "1991 ADAAG") published by the Access Board on the same date.

18.    In 1994, the Access Board began the process of updating the 1991 ADAAG by establishing a committee composed of members of the design and construction industries, the building code community, and state and local governmental entities, as well as individuals with disabilities.

19.    In 1999, based largely on the report and recommendations of the advisory

BLYTHE GRACE PLLC
3260 North Hayden Road | Suite 103
Scottsdale, Arizona 85251

BLYTHE GRACE PLLC
3260 North Hayden Road | Suite 103
Scottsdale, Arizona 85251

1    committee, the Access Board issued a notice of proposed rulemaking to update and revise

2    its ADA and ABA Accessibility Guidelines.

3        20.    The Access Board issued final publication of revisions to the 1991 ADAAG

4    on July 23, 2004 (the "2004 ADAAG").

5        21.    On September 30, 2004, the DOJ issued an advanced notice of proposed

6    rulemaking to begin the process of adopting the 2004 ADAAG.

7        22.    On June 17, 2008, the DOJ published a notice of proposed rulemaking

8    covering Title III of the ADA.

9        23.    The revisions to the 1991 ADAAG culminated with the DOJ's issuance of

10    The 2010 Standards for Accessible Design (the "2010 Standards").   DOJ published the

11    Final Rule detailing the 2010 Standards on September 15, 2010.   The 2010 Standards

12    consist of the 2004 ADAAG and the requirements contained in subpart D of 28 CFR part

13    36.

14    **The AzDA and its Implementing Regulations**

15        24.    The AzDA and its implementing regulations, §§ 41-1492 *et seq.* and R10-3-

16    401 *et seq.* provide similar prohibitions and remedies to the ADA and its implementing

17    regulations.

18    **General Allegations**

19        25.    On or about August 14, 2016, McCoy visited Petwin's office complex located

20    at 3260 North Hayden Road, Scottsdale, Arizona 85251 (the "Premises").   Attached to this

21    Complaint as **Exhibit A** are photographs taken the day that McCoy visited the Premises.

22        26.    McCoy found that the Premises was not accessible to individuals with

23    disabilities because the parking lots at the Premises violate the 1991 Standards and/or the

24    2010 Standards of the ADA (as adopted by the AzDA).   Specifically, among other

25    violations, the parking lots at the Premises: (1) fail to identify van parking spaces by the

26    designation "van accessible," (2) do not contain appropriately identified accessible spaces,

27    (3) have signs posted at the incorrect height on spaces identified as accessible, (4) have

28    parking spaces, sidewalks, landings, and entryways that are not accessible because they

4

contain incorrect transitions, grades, slopes, rises, surface levels, and lips, and (5) contain other features that obstruct the disabled from accessing the Premises.

27.    McCoy therefore has actual knowledge of at least one barrier preventing disabled individuals accesses to the parking lots at the Premises and individuals with disabilities are currently deterred from visiting Petwin's public accommodation by accessibility barrier(s).

28.    Upon information and belief, there are other violations and barriers to access that will be discovered and disclosed during the discovery and disclosure process.

29.    Without the presence of adequate handicapped parking spaces, sufficient designation or signage, and or sufficient disbursement of such parking spaces, individuals with disabilities are prevented from equal enjoyment of the Petwin's public accommodation.

30.    As a result of Petwin's non-compliance with the ADA and the AzDA, individuals with disabilities will avoid and not visit Petwin's public accommodation in the future unless and until all ADA and AzDA violations have been cured.

31.    The existence of barriers deters individuals with disabilities from conducting business or returning to Petwin's public accommodation.

32.    Upon information and belief, other disabled persons are also deterred from visiting there or otherwise precluded from frequenting Petwin's public accommodation due to its non-compliance with the ADA and the AzDA.

33.    As a result of Petwin's non-compliance with the ADA and the AzDA, disabled individuals, unlike persons without disabilities, are denied equal access.

34.    Upon information and belief, though Petwin may have centralized policies regarding the management and operation of its office complex, Petwin does not have a plan or policy that is reasonably calculated to make its entire facility fully accessible to and independently usable by, disabled people.

35.    McCoy verified that Petwin's public accommodation lacks the mandatory elements required by the 1991 Standards and/or the 2010 Standards to make its facility

BLYTHE GRACE PLLC
3260 North Hayden Road | Suite 103
Scottsdale, Arizona 85251

BLYTHE GRACE PLLC
3260 North Hayden Road | Suite 103
Scottsdale, Arizona 85251

1    fully accessible to and independently usable by disabled people.

2         36.    McCoy has an interest in whether public accommodations are fully accessible

3    to, and independently usable by, individuals with disabilities, specifically including an

4    interest in ensuring that parking spaces comply with the 1991 Standards and/or the 2010

5    Standards.

6         37.    Disabled individuals have been injured by Petwin's discriminatory practices

7    and failure to remove architectural barriers to equal access.  These injuries include being

8    deterred from using Petwin's facilities because of the inaccessibility and/or insufficient

9    designation of appropriate parking.

10        38.    Without injunctive relief, McCoy and other disabled individuals will continue

11   to be unable to independently use Petwin's public accommodation under the ADA and

12   the AzDA.

### Count One
### (Violation of Title III of ADA)

13
14        39.    McCoy incorporates by reference the allegations contained in the forgoing

15   paragraphs.

16        40.    Petwin has discriminated against disabled individuals and others because it

17   has failed to make its public accommodation fully accessible to, and independently usable

18   by, individuals who are disabled as that term is defined under the ADA in violation of the

19   ADA.

20        41.    Petwin has discriminated against disabled individuals because it has failed to

21   remove architectural barriers to make its public accommodation fully accessible to, and

22   independently usable by, individuals who are disabled in violation of the ADA, specifically

23   the 1991 Standards and/or the 2010 Standards, as described above.

24        42.    Compliance with the requirements of the 1991 Standards or the 2010

25   Standards would neither fundamentally alter the nature of Petwin's public accommodation

26   nor result in an undue burden to Petwin.

27        43.    Compliance with the ADA is readily achievable by the Petwin because of the

28   low costs of removal of the access barriers described above.   Readily achievable means

BLYTHE GRACE PLLC
3260 North Hayden Road | Suite 103
Scottsdale, Arizona 85251

1  that providing access is easily accomplishable without significant difficulty or expense to

2  Petwin.

3      44.    Injunctive relief should issue irrespective of Petwin's potential voluntary

4  removal of the barriers to access described above pursuant to the Supreme Court's decision

5  in *Friends of the Earth*.[1]

6      45.    Petwin's conduct is ongoing, McCoy invokes his statutory right to

7  declaratory and injunctive relief, as well as attorneys' fees and costs, both pursuant to

8  statute and pursuant to the Private Attorney General doctrine under the ADA and

9  common law.

10      46.    Without the requested injunctive relief, specifically including the request that

11  the Court retain jurisdiction of this matter for a time period to be determined after Petwin

12  certifies that it is fully in compliance with the mandatory requirements of the ADA that are

13  discussed above, Petwin's non-compliance with the ADA mandatory requirements may be

14  or are likely to recur.

## Count Two

### (Violation of the AzDA)

17      47.    McCoy incorporates by reference the allegations contained in the forgoing

18  paragraphs.

19      48.    McCoy has been damaged and injured by Petwin's non-compliance with the

20  AzDA.

---

[1]    *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 189, 120 S. Ct. 693, 145 L.Ed.2d 610 (2000) (It is well settled that a plaintiff's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice. If it did, the courts would be compelled to leave the plaintiff free to return to his old ways. In accordance with this principle, the standard we have announced for determining whether a case has been mooted by a plaintiff's voluntary conduct is stringent: A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur. The heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness).

49.     Pursuant to A.R.S. § 41-1492.08 and §41-1492.09, McCoy has the right to enforce the AzDA by the issuance of injunctive relief.

50.     Pursuant to A.R.S. § 41-1492.08, McCoy is entitled to preventive and mandatory relief.

51.     Mandatory relief includes relief mandated by A.R.S. § 41-1492.09 obligating the Office of the Attorney General to take the actions specified in that statute.

52.     Pursuant to A.R.S. § 41-1492.09(B)(2), McCoy is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount to be proven at trial, but in no event less than $5,000.00.

53.     Pursuant to A.R. S. § 41-1492.09(F), McCoy is entitled to attorneys' fees and costs in an amount proven but in no event less than $5,000.00.

## Prayer for Relief

McCoy demands judgment against Petwin as follows:

1.     A declaratory judgment that at the commencement of this action Petwin was in violation of the specific requirements of the ADA described above, and the relevant implementing regulations of the ADA, in that Petwin took no action that was reasonably calculated to ensure that its public accommodation was fully accessible to, and independently usable by, individuals with disabilities;

2.     Irrespective of Petwin's "voluntary cessation" of the ADA violations, if applicable, a permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) that directs Petwin to take all steps necessary to bring its public accommodation into full compliance with the requirements set forth in the ADA so that the facility is fully accessible to, and independently usable by, disabled individuals, specifically including ensuring that the parking spaces at the Premises comply with the 1991 Standards and/or the 2010 Standards as required by law, and that further directs that the Court will retain jurisdiction for a period to be determined after Petwin certifies that its facility is fully in compliance with the relevant requirements of the ADA to ensure that

BLYTHE GRACE PLLC
3260 North Hayden Road | Suite 103
Scottsdale, Arizona 85251

1  Petwin has adopted and is following an institutional policy that will in fact cause Petwin to

2  remain fully in compliance with the ADA;

3      3.    Irrespective of Petwin's "voluntary cessation" of the ADA violations, if

4  applicable, payment to McCoy of the attorneys' fees, costs, and expenses of this action;

5      4.    A declaratory judgment that at the commencement of this action Petwin was

6  in violation of the specific requirements of AzDA;

7      5.    Irrespective of Petwin's "voluntary cessation" of the AzDA violations, if

8  applicable, a permanent injunction pursuant to the AzDA that directs Petwin to take all

9  steps necessary to bring its facility into full compliance with the requirements set forth in

10  the AzDA so that the facility is fully accessible to, and independently usable by, disabled

11  individuals, specifically including ensuring parking spaces comply with the 1991

12  Standards and/or the 2010 Standards as required by law, and that further directs that the

13  Court will retain jurisdiction for a period of time to be determined after Petwin certifies

14  that its facility is fully in compliance with the relevant requirements of the AzDA to ensure

15  that Petwin has adopted and is following an institutional policy that will in fact cause

16  Petwin to remain fully in compliance with the AzDA;

17      6.    For damages authorized by A.R.S. § 41-1492.09(B)(2) in an amount no less

18  than $5,000.00;

19      7.    Irrespective of Petwin's "voluntary cessation" of the AzDA violations, if

20  applicable, payment of McCoy's attorneys' fees pursuant to 42 U.S.C. § 12205, 28 CFR §

21  36.505, and A.R.S. § 41-1492.09(F) and other principles of law and equity and in

22  compliance with the "prevailing party" and "material alteration" of the parties' relationship

23  doctrines in an amount no less than $5,000.00;

24      8.    Order closure of Petwin's place of public accommodation until Petwin has

25  fully complied with the ADA and AzDA; and

26      9.    Any other relief the Court deems proper.

27

28

BLYTHE GRACE PLLC
3260 North Hayden Road | Suite 103
Scottsdale, Arizona 85251

DATED this 1st day of September, 2016.

BLYTHE GRACE PLLC

s/ *Robert S. Reder*
Robert S. Reder
3260 North Hayden Road, Suite 103
Scottsdale, Arizona 85251
Attorneys for Plaintiff

BLYTHE GRACE PLLC
3260 North Hayden Road | Suite 103
Scottsdale, Arizona 85251

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A



Case 2:16-cv-02795-JAT   Document 1   Filed 08/19/16   Page 13 of 24





Case 2:16-cv-02795-JAT   Document 1   Filed 08/19/16   Page 15 of 24



Case 2:16-cv-02795-JAT   Document 1   Filed 08/19/16   Page 17 of 24











Case 2:16-cv-02795-JAT   Document 1   Filed 08/19/16   Page 21 of 24







