WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert McCoy,<br><br>    Plaintiff,<br><br>v.<br><br>Petwin Hayden LLC,<br><br>    Defendant. | No. CV-16-02795-PHX-JAT<br><br>**ORDER** |

Pending before the Court are: (1) Defendant's Motion to Dismiss Plaintiff's First Amended Complaint ("Motion to Dismiss," Doc. 19); and (2) Plaintiff's Motion for Leave to File Second Amended Complaint ("Motion to Amend," Doc. 20). The parties did not request oral argument. The Court now rules on the Motions.

**I.  BACKGROUND**

Plaintiff Robert McCoy visited Defendant Petwin Hayden, LLC's Scottsdale office complex ("Defendant's complex") on August 14, 2016. (First Amended Complaint, (Doc. 6), ("FAC") at ¶¶ 2, 25). During his visit, Plaintiff contends that he encountered access barriers that he believes violate the Americans with Disabilities Act (the "ADA") and the Arizonans with Disabilities Act (the "AzDA").[1] (*Id.* at ¶¶ 39–53).

---

[1] Although the Court only discusses the ADA in the body of this Order, the Court's discussion is equally applicable to the AzDA. *See* Ariz. Rev. Stat. § 41-1492.06(B) (2011) ("Compliance with [T]itles II and III of the Americans with [D]isabilities [A]ct and its implementing regulations shall be deemed in compliance with this article."); *see also George v. AZ Eagle TT Corp.*, 961 F. Supp. 2d 971, 974 n.1 (D. Ariz. 2013).

Specifically, Plaintiff alleges that the parking lots at Defendant's complex:

> (1) fail to identify van parking spaces by the designation "van accessible," (2) do not contain appropriately identified accessible spaces, (3) have signs posted at the incorrect height on spaces identified as accessible, (4) have parking spaces, sidewalks, landings, and entryways that are not accessible because they contain incorrect transitions, grades, slopes, rises, surface levels, and lips, and (5) contain other features that obstruct the disabled from accessing [Defendant's complex].

(*Id.* at ¶ 26). Plaintiff alleges that these barriers deter "disabled individuals" from visiting Defendant's complex. (*Id.* at ¶ 37).

## II. MOTION TO DISMISS

Defendant moves to dismiss Plaintiff's claims based on a lack of standing. In particular, Defendant argues that Plaintiff has failed to allege an injury-in-fact and sufficient causation between Plaintiff's injury and Defendant's conduct in allegedly violating the ADA. (Doc. 19 at 3–5).

### A. Legal Standard

Under Federal Rule of Civil Procedure ("Federal Rule") 12(b)(1), a litigant may seek dismissal of an action for lack of standing because "Article III standing is a species of subject matter jurisdiction." *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1227 (9th Cir. 2011) (citation omitted). To survive a defendant's motion to dismiss, the plaintiff has the burden of proving jurisdiction. *Tosco v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2000). The "irreducible constitutional minimum" required to demonstrate standing requires that a plaintiff has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1546–47 (2016).

"To establish an injury in fact, a plaintiff must show that [he] suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Within the context of the ADA, a plaintiff suffers an

injury-in-fact "either because discriminatory architectural barriers deter him from returning to a facility or because they 'otherwise interfere with his access to' the facility." *Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939, 950 (9th Cir. 2011) (quoting *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1042 n.5 (9th Cir. 2008)). While any such barrier need not "completely preclude" but, rather, simply "interfere with the plaintiff's 'full and equal enjoyment' of the facility," such interference must be due to the plaintiff's "particular disability." *Id.* at 947. Once a plaintiff has identified such barriers interfering with his access to a place of public accommodation, he has not only shown an injury-in-fact but has also shown that such injury is "traceable to the defendant's conduct and capable of being redressed by the courts," thus meeting Article III's standing requirement. *Doran*, 524 F.3d at 1042 n.5.

### B.     Analysis

Here, Plaintiff's FAC lacks any specificity with which the Court can confirm he has standing to sue under the ADA. While Plaintiff states that he is disabled, he never states that he was personally unable to access Defendant's property. Rather, Plaintiff's FAC is filled with allegations about abstract "individuals with disabilities" who were injured by Defendant's alleged statutory violations. (FAC at ¶¶ 26 ("[Plaintiff] found that the Premises was not accessible to individuals with disabilities."), 27 ("[Plaintiff] therefore has actual knowledge of at least one barrier preventing disabled individuals [from accessing] the parking lots at the Premises[,] and individuals with disabilities are currently deterred from visiting [Defendant's] public accommodation[s]."), 29–31, 33, 36–37). Overall, it is unclear whether Plaintiff is making an allegation based upon an injury he *personally* suffered or suing on behalf of other "individuals with disabilities" who may have suffered injuries. *See, e.g.*, *Lujan*, 504 U.S. at 560 n.1 (noting that an "injury must affect the plaintiff in a personal and individual way"). Thus, Plaintiff's FAC does not properly allege that Plaintiff has standing in this case.

### III.    MOTION TO AMEND WITH LEAVE OF COURT

Plaintiff filed his Motion to Amend with the purpose of addressing Defendant's

concerns that Plaintiff lacks standing. (Doc. 20 at 1). Plaintiff's Proposed Second Amended Complaint ("PSAC," Doc. 20-1) includes additional facts that the Court recounts below.

Plaintiff alleges that his disability is that he "is elderly, has trouble walking, walks with a cane, and has a handicap placard in his car identifying himself as a handicapped individual." (PSAC at ¶ 30). On the date Plaintiff visited Defendant's complex, he personally "encountered the barriers to access . . . and some or all of them injured" Plaintiff. (*Id.* at ¶ 36). Plaintiff also makes clear that, as a client of one of the law firms in Defendant's complex, he plans to visit Defendant's complex again. (*Id.* at ¶ 33).

Plaintiff now seeks to amend the FAC pursuant to Federal Rule 15(a)(2) by including the above-stated facts related to Plaintiff's ADA claims. (*See* Doc. 20).

### A.     Legal Standard

A party may amend a pleading once as a matter of course within 21 days after serving it or within 21 days of service of, among others, a Federal Rule 12(b)(6) motion. Fed. R. Civ. P. 15(a)(1). In all other circumstances, a party must seek leave to amend from the court. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* Additionally, there is a "longstanding rule that '[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1988)). In determining whether to grant a motion to amend, a court should consider five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). "Significantly, '[t]he party opposing amendments bears the burden of showing prejudice,' futility, or one of the other permissible reasons for denying a motion to amend." *Farina v. Compuware Corp.*, 256 F. Supp. 2d 1033, 1060 (D. Ariz. 2003) (quoting *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)).

### B. Analysis

Here, Plaintiff has already amended the Complaint as a matter of right pursuant to Federal Rule 15(a)(1) and seeks the Court's leave to amend his complaint pursuant to Federal Rule 15(a)(2). (Doc. 20). Defendant argues that the Court should not grant Plaintiff's Motion to Amend because of futility of the amendment (Doc. 22 at 4–6).

Futility alone is enough to deny a motion for leave to amend. *Nunes*, 375 F.3d at 808. It is "futile to allow [leave to amend] an amended complaint that lacks subject matter jurisdiction." *Emmanuel Temple v. Abercrombie*, 903 F. Supp. 2d 1024, 1032 (D. Haw. 2012); *see also Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1088 (9th Cir. 2002) (affirming a district court's denial of leave to amend where plaintiffs could not cure a lack of standing in their pleading). The party opposing amendment bears the burden of proving futility. *Rodriguez v. City of Phoenix*, No. CV-11-01992-PHX-JAT, 2014 WL 1053602, at *3 (D. Ariz. Mar. 19, 2014).

Defendant alleges that Plaintiff's PSAC is futile because Plaintiff "fails to allege that his disability was impacted by the barriers" Plaintiff describes in the PSAC. (Doc. 22 at 4–6). To have standing to sue under the ADA, a plaintiff must seek relief for barriers that are related to his personal disability. *See, e.g.*, *Chapman*, 631 F.3d at 947 ("[A] 'barrier' will only amount to such interference [that would cause an injury-in-fact] if it affects the plaintiff's full and equal enjoyment of the facility on account of his particular disability."); *Parr v. L & L Drive-Inn Restaurant*, 96 F. Supp. 2d 1065, 1082–83 (D. Haw. 2000) (citations omitted) (finding that a plaintiff who suffered from the disability of non-mobility lacked standing to sue for barriers unrelated to non-mobility, such as braille sign violations).

Here, the Plaintiff's PSAC sufficiently alleges that, because of Plaintiff's described disabilities, specific barriers interfered with his access to Defendant's complex. Specifically, Plaintiff has alleged that he needs assistance to walk and, when visiting Defendant's complex, must park near the complex's entrance. (PSAC at ¶¶ 30–36). On Plaintiff's visit, he was "deprived of full or equal access" of Defendant's complex by

specific barriers located within the complex's parking lot. (*Id.* at ¶¶ 35, 38). Plaintiff further alleges that he plans to visit Defendant's complex. (*Id.* at ¶ 33). Thus Plaintiff has alleged a sufficient nexus between his particular disability and the barriers that allegedly violate the ADA.[2]

## IV. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 19) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 20) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall file the Proposed Second Amended Complaint (Doc. 20-1) within 14 days of the date of this Order.

Dated this 27th day of December, 2016.

James A. Teilborg
Senior United States District Judge

---

[2] In a footnote, Defendant states that it has remedied some of the barriers Plaintiff alleges violate the ADA. (Doc. 22 at 4 n.2). The Court notes that at a later stage of litigation, Defendant may file a motion for summary judgment and ask the court to declare claims based on such remedied barriers as moot. *See Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011) (citations omitted) ("Because a private plaintiff can sue only for injunctive relief (i.e., for removal of the barrier) under the ADA, . . . a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim.").