Robert S. Reder (024117)
BLYTHE GRACE PLLC
3260 North Hayden Road, Suite 103
Scottsdale, Arizona 85251
Telephone: (480) 663-8838
Facsimile: (480) 429-3679
Email: robert@blythegrace.com
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Robert McCoy, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Petwin Hayden, LLC, an Arizona limited liability company,<br><br>Defendant. | No. 2:16-cv-02795-JAT<br><br>**Second Amended Complaint** |

Plaintiff Robert McCoy ("McCoy") brings an action for injunctive relief, compensatory damages, and attorneys' fees and costs pursuant to: **(1)** Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* and its implementing regulations (collectively, the "ADA"), and **(2)** the Arizonans with Disabilities Act, A.R.S. Title 41, Chapter 9, Article 8, §§41-1492 *et seq.* and its implementing regulations, R10-3-401 *et seq.* (collectively, the "AzDA"), against Defendant Petwin Hayden, LLC ("Petwin"), and in support of this action alleges as follows:

### Nature of the Action

1.    McCoy is a disabled United States veteran that resides in Maricopa County, Arizona.

2.    McCoy visited Petwin's property located at 3260 North Hayden Road, Scottsdale, Arizona 85251, and was denied full access to the property.

BLYTHE GRACE PLLC
3260 North Hayden Road | Suite 103
Scottsdale, Arizona 85251

3. Petwin violated the ADA and the AzDA by failing to design, construct, and/or own or operate a public accommodation that is fully accessible to, and independently usable by, disabled people such as McCoy.

4. McCoy therefore seeks a declaration that Petwin's public accommodation violates federal and Arizona laws and an injunction requiring Petwin to install means of access in compliance with ADA and AzDA requirements so that its facility is fully accessible to, and independently usable by, disabled individuals.

5. McCoy further requests that, given Petwin's historical failure to comply with the ADA's and AzDA's mandates, the Court retain jurisdiction over this matter for a period of time to be determined to ensure that Petwin comes into compliance with the ADA and the AzDA, and to ensure that Petwin has adopted and is following an institutional policy that will, in fact, cause Petwin to remain in compliance with the law.

## Parties

6. McCoy is a resident of Arizona and a disabled individual with the meaning of the ADA and the AzDA. Specifically, McCoy resides at 5900 East Thomas Road, Apt. C-125, Scottsdale, Arizona 85251.

7. Petwin is an Arizona limited liability company.

8. Petwin owns and/or operates an office complex located at 3260 North Hayden Road, Scottsdale, Arizona 85251, which is a place of public accommodation under the ADA and the AzDA.

## Jurisdiction and Venue

9. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331 and 42 U.S.C. § 12188.

10. McCoy's claims in this Complaint arose in this judicial district and Petwin owns real property and does substantial business in this judicial district.

11. Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## The ADA and its Implementing Regulations

12.     The ADA is a comprehensive civil rights law prohibiting discrimination on the basis of disability.

13.     The ADA broadly protects the rights of individuals with disabilities in employment, access to state and local government services, places of public accommodation, transportation, and other important areas of American life.

14.     Title III of the ADA prohibits discrimination in the activities of places of public accommodation and requires places of public accommodation to comply with ADA standards and to be readily accessible, and independently usable by, individuals with disabilities. *See* 42 U.S.C. §§ 12181-89.

15.     Title III states, *inter alia*, that "[i]t shall be discriminatory to afford an individual or class of individuals, on the basis of a disability . . . with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."  42 U.S.C. § 12182(b)(1)(A)(ii).  In addition, § 12182(b)(1)(A)(iii) and § 12182(b)(1)(B)] are intended to prohibit exclusion and segregation of individuals with disabilities and the denial of equal opportunities enjoyed by others. *See* 28 C.F.R. pt. 36, app. C (2011).

16.     On July 26, 1991, the Department of Justice (the "DOJ") issued rules implementing Title III of the ADA, which are codified at 28 CFR Part 36.

17.     Appendix A of the 1991 Title III regulations (republished as Appendix D to 28 CFR part 36) contains the ADA standards for Accessible Design (the "1991 Standards"), which were based upon the Americans with Disabilities Act Accessibility Guidelines (the "1991 ADAAG") published by the Access Board on the same date.

18.     In 1994, the Access Board began the process of updating the 1991 ADAAG by establishing a committee composed of members of the design and construction industries, the building code community, and state and local governmental entities, as well as individuals with disabilities.

19.     In 1999, based largely on the report and recommendations of the advisory

BLYTHE GRACE PLLC
3260 North Hayden Road | Suite 103
Scottsdale, Arizona 85251

1    committee, the Access Board issued a notice of proposed rulemaking to update and revise

2    its ADA and ABA Accessibility Guidelines.

3           20.    The Access Board issued final publication of revisions to the 1991 ADAAG

4    on July 23, 2004 (the "2004 ADAAG").

5           21.    On September 30, 2004, the DOJ issued an advanced notice of proposed

6    rulemaking to begin the process of adopting the 2004 ADAAG.

7           22.    On June 17, 2008, the DOJ published a notice of proposed rulemaking

8    covering Title III of the ADA.

9           23.    The revisions to the 1991 ADAAG culminated with the DOJ' s issuance of

10    The 2010 Standards for Accessible Design (the "2010 Standards").  DOJ published the

11    Final Rule detailing the 2010 Standards on September 15, 2010.  The 2010 Standards

12    consist of the 2004 ADAAG and the requirements contained in subpart D of 28 CFR part

13    36.

14                       **The AzDA and its Implementing Regulations**

15           24.    The AzDA and its implementing regulations, §§ 41-1492 *et seq.* and R10-3-

16    401 *et seq.* provide similar prohibitions and remedies to the ADA and its implementing

17    regulations.

18                          **General Allegations**

19           25.    Petwin owns and operates a commercial office complex located at 3260

20    North Hayden Road, Scottsdale, Arizona 85251 (the "Premises").

21           26.    Blythe Grace, PLLC ("Blythe Grace"), the law firm of undersigned counsel,

22    is a tenant at the Premises (Suite 103).

23           27.    On or about February 15, 2016, and several other times both before and after

24    that date, Blythe Grace notified Petwin that the parking lots at the Premises did not comply

25    with the ADA.  Specifically, on February 15th, Blythe Grace sent an email to Petwin stating:

26    "Sort of on a related note, I have attached the guidelines to be ADA compliant with the

27    handicap parking.  Recently, an attorney on behalf of a 'disabled' individual is suing office

28    complexes in this area because their handicap parking is not ADA compliant."  With that

email Blythe Grace also provided Petwin with an article that would assist Petwin in making its parking lots at the Premises compliant with the ADA. That article contains references to the provisions of the ADA applicable to parking lots at places of public accommodation.

28. Blythe Grace made this notification to Petwin because it was concerned that Petwin would be sued, but also because under the ADA a disabled person can sue both the landlord and tenant for violations of the ADA at a place of public accommodation. Therefore, Blythe Grace could have been held liable under the ADA for Petwin's failures to maintain its parking lots in compliance with the ADA.

29. On or about August 14, 2016, McCoy visited the Premises. Attached to this Complaint as **Exhibit A** are photographs taken the day that McCoy visited the Premises.

30. McCoy is elderly, has trouble walking, walks with a cane, and has a handicap placard in his car identifying himself as a handicapped individual. McCoy is lawfully permitted to use handicap spaces in parking lots at place of public accommodation.

31. McCoy visited Blythe Grace to meet with undersigned counsel. McCoy is a client of Blythe Grace.

32. McCoy resides at 5900 East Thomas Road, Apt. C-125, Scottsdale, Arizona 85251, which is approximately three miles from the Premises and travels substantially in the area.

33. As a client of Blythe Grace, and a person who resides within three miles of Blythe Grace, McCoy will visit the Premises again.

34. At the time of his August 14th visit, McCoy found that the Premises was not fully accessible to individuals with disabilities because the parking lots at the Premises contained numerous barriers to access that violate the 1991 Standards and/or the 2010 Standards of the ADA (as adopted by the AzDA).

35. Specifically, among other violations, the parking lots at the Premises: (1) fail to identify van parking spaces by the designation "van accessible," (2) do not contain appropriately identified accessible spaces, (3) have signs posted at the incorrect height on spaces identified as accessible, (4) have parking spaces, sidewalks, landings, and entryways

that are not accessible because they contain incorrect transitions, grades, slopes, rises, surface levels, and lips, and (5) contain other features that obstruct the disabled from accessing the Premises. All of these features are considered barriers to access under the ADA and AzDA.

36. McCoy encountered the barriers to access listed above when he visited the Premises, and some or all of them injured McCoy under the ADA and AzDA.

37. When McCoy returns to the Premises, and if some or all of the barriers to access listed above are not removed, McCoy would be deprived of full and equal access to the Premises because of his disabilities.

38. McCoy has actual knowledge of barriers preventing disabled individuals accesses to the parking lots at the Premises and individuals with disabilities are currently deterred from visiting Petwin's public accommodation by accessibility barriers.

39. There are other violations of the ADA and AzDA, and barriers to access, at the Premises, including, but not limited to, the restrooms at the Premises, that will be discovered and disclosed during the discovery and disclosure process.

40. Without the presence of adequate handicapped parking spaces, sufficient designation or signage, sufficient disbursement of such parking spaces, correct transitions, grades, slopes, rises, surface levels, and lips, individuals with disabilities such as McCoy are prevented from equal enjoyment of the Petwin's public accommodation.

41. As a result of Petwin's non-compliance with the ADA and the AzDA, individuals with disabilities will avoid and not visit Petwin's public accommodation in the future unless and until all ADA and AzDA violations have been cured.

42. The existence of barriers deters individuals with disabilities from conducting business or returning to Petwin's public accommodation.

43. Upon information and belief, other disabled persons are also deterred from visiting the premises or otherwise precluded from frequenting Petwin's public accommodation due to its non-compliance with the ADA and the AzDA.

44. As a result of Petwin's non-compliance with the ADA and the AzDA,

disabled individuals, unlike persons without disabilities, are denied equal access.

45.     Upon information and belief, though Petwin may have centralized policies regarding the management and operation of its office complex, Petwin does not have a plan or policy that is reasonably calculated to make its entire facility fully accessible to and independently usable by, disabled people.

46.     McCoy verified that Petwin's public accommodation lacks the mandatory elements required by the 1991 Standards and/or the 2010 Standards to make its facility fully accessible to and independently usable by disabled people.

47.     McCoy has an interest in whether public accommodations are fully accessible to, and independently usable by, individuals with disabilities, specifically including an interest in ensuring that parking spaces comply with the 1991 Standards and/or the 2010 Standards.

48.     Disabled individuals have been injured by Petwin's discriminatory practices and failure to remove architectural barriers to equal access.  These injuries include being deterred from using Petwin's facilities because of the inaccessibility and/or insufficient designation of appropriate parking.

49.     Without injunctive relief, McCoy and other disabled individuals will continue to be unable to independently use Petwin's public accommodation under the ADA and the AzDA.

## Count One
### (Violation of Title III of ADA)

50.     McCoy incorporates by reference the allegations contained in the forgoing paragraphs.

51.     Petwin has discriminated against disabled individuals and others because it has failed to make its public accommodation fully accessible to, and independently usable by, individuals who are disabled as that term is defined under the ADA in violation of the ADA.

52.     Petwin has discriminated against disabled individuals because it has failed to remove architectural barriers to make its public accommodation fully accessible to, and

BLYTHE GRACE PLLC
3260 North Hayden Road | Suite 103
Scottsdale, Arizona 85251

1    independently usable by, individuals who are disabled in violation of the ADA, specifically

2    the 1991 Standards and/or the 2010 Standards, as described above.

3          53.     Compliance with the requirements of the 1991 Standards or the 2010

4    Standards would neither fundamentally alter the nature of Petwin's public accommodation

5    nor result in an undue burden to Petwin.

6          54.     Compliance with the ADA is readily achievable by the Petwin because of the

7    low costs of removal of the access barriers described above.   Readily achievable means

8    that providing access is easily accomplishable without significant difficulty or expense to

9    Petwin.

10         55.     Injunctive relief should issue irrespective of Petwin's potential voluntary

11   removal of the barriers to access described above pursuant to the Supreme Court's decision

12   in *Friends of the Earth.*[1]

13         56.     Petwin's conduct is ongoing, McCoy invokes his statutory right to

14   declaratory and injunctive relief, as well as attorneys' fees and costs, both pursuant to

15   statute and pursuant to the Private Attorney General doctrine under the ADA and

16   common law.

17         57.     Without the requested injunctive relief, specifically including the request that

18   the Court retain jurisdiction of this matter for a time period to be determined after Petwin

19   certifies that it is fully in compliance with the mandatory requirements of the ADA that are

20   discussed above, Petwin's non-compliance with the ADA mandatory requirements may be

21   or are likely to recur.

22

---

23   [1]    *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.,* 528 U.S. 167, 189, 120 S. Ct. 693,
24   145 L.Ed.2d 610 (2000) (It is well settled that a plaintiff's voluntary cessation of a
     challenged practice does not deprive a federal court of its power to determine the legality
25   of the practice.  If it did, the courts would be compelled to leave the plaintiff free to return
     to his old ways.  In accordance with this principle, the standard we have announced for
26   determining whether a case has been mooted by a plaintiff's voluntary conduct is stringent:
     A case might become moot if subsequent events made it absolutely clear that the allegedly
27   wrongful behavior could not reasonably be expected to recur.  The heavy burden of
28   persuading the court that the challenged conduct cannot reasonably be expected to start
     up again lies with the party asserting mootness).

1                                         **Count Two**

2                                    **(Violation of the AzDA)**

3        58.     McCoy incorporates by reference the allegations contained in the forgoing

4 paragraphs.

5        59.     McCoy has been damaged and injured by Petwin's non-compliance with the

6 AzDA.

7        60.     Pursuant to A.R.S. § 41-1492.08 and §41-1492.09, McCoy has the right to

8 enforce the AzDA by the issuance of injunctive relief.

9        61.     Pursuant to A.R.S. § 41-1492.08, McCoy is entitled to preventive and

10 mandatory relief.

11        62.     Mandatory relief includes relief mandated by A.R.S. § 41-1492.09 obligating

12 the Office of the Attorney General to take the actions specified in that statute.

13        63.     Pursuant to A.R.S. § 41-1492.09(B)(2), McCoy is further entitled to such

14 other relief as the Court considers appropriate, including monetary damages in an amount

15 to be proven at trial, but in no event less than $5,000.00.

16        64.     Pursuant to A.R. S. § 41-1492.09(F), McCoy is entitled to attorneys' fees and

17 costs in an amount proven but in no event less than $5,000.00.

18                                  **Prayer for Relief**

19       McCoy demands judgment against Petwin as follows:

20        1.     A declaratory judgment that at the commencement of this action Petwin was

21 in violation of the specific requirements of the ADA described above, and the relevant

22 implementing regulations of the ADA, in that Petwin took no action that was reasonably

23 calculated to ensure that its public accommodation was fully accessible to, and

24 independently usable by, individuals with disabilities;

25        2.     Irrespective of Petwin's "voluntary cessation" of the ADA violations, if

26 applicable, a permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR §

27 36.504(a) that directs Petwin to take all steps necessary to bring its public

28 accommodation into full compliance with the requirements set forth in the ADA so that

BLYTHE GRACE PLLC
3260 North Hayden Road | Suite 103
Scottsdale, Arizona 85251

the facility is fully accessible to, and independently usable by, disabled individuals, specifically including ensuring that the parking spaces at the Premises comply with the 1991 Standards and/or the 2010 Standards as required by law, and that further directs that the Court will retain jurisdiction for a period to be determined after Petwin certifies that its facility is fully in compliance with the relevant requirements of the ADA to ensure that Petwin has adopted and is following an institutional policy that will in fact cause Petwin to remain fully in compliance with the ADA;

3.      Irrespective of Petwin's "voluntary cessation" of the ADA violations, if applicable, payment to McCoy of the attorneys' fees, costs, and expenses of this action;

4.      A declaratory judgment that at the commencement of this action Petwin was in violation of the specific requirements of AzDA;

5.      Irrespective of Petwin's "voluntary cessation" of the AzDA violations, if applicable, a permanent injunction pursuant to the AzDA that directs Petwin to take all steps necessary to bring its facility into full compliance with the requirements set forth in the AzDA so that the facility is fully accessible to, and independently usable by, disabled individuals, specifically including ensuring parking spaces comply with the 1991 Standards and/or the 2010 Standards as required by law, and that further directs that the Court will retain jurisdiction for a period of time to be determined after Petwin certifies that its facility is fully in compliance with the relevant requirements of the AzDA to ensure that Petwin has adopted and is following an institutional policy that will in fact cause Petwin to remain fully in compliance with the AzDA;

6.      For damages authorized by A.R.S. § 41-1492.09(B)(2) in an amount no less than $5,000.00;

7.      Irrespective of Petwin's "voluntary cessation" of the AzDA violations, if applicable, payment of McCoy's attorneys' fees pursuant to 42 U.S.C. § 12205, 28 CFR § 36.505, and A.R.S. § 41-1492.09(F) and other principles of law and equity and in compliance with the "prevailing party" and "material alteration" of the parties' relationship doctrines in an amount no less than $5,000.00;

10

8.    Order closure of Petwin's place of public accommodation until Petwin has fully complied with the ADA and AzDA; and

9.    Any other relief the Court deems proper.

DATED this 30th day of December 2016.

BLYTHE GRACE PLLC

s/ *Robert S. Reder*
Robert S. Reder
3260 North Hayden Road, Suite 103
Scottsdale, Arizona 85251
Attorneys for Plaintiff

**Certificate of Service**

I certify that on this 30th day of December 2016, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing.

Kelli K. Williams
Law Office of Kelli K. Williams
4150 North Drinkwater Blvd., Suite 410
Scottsdale, Arizona 85251
Attorney for Defendant

s/ *Debbie A. Messing*

# EXHIBIT A

























